ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL ESPECIAL**

| | | |
|---|---|---|
| **BANCO POPULAR DE PUERTO RICO**<br>DEMANDANTE(S)-APELADA(S)<br><br><br>V.<br><br><br>**EDDA GLORIA SUSTACHE PEÑA POR SÍ Y COMO MIEMBRO DE LA SUC. DE MANUEL JOSÉ MARTÍNEZ COLÓN Y OTROS**<br>DEMANDADA(S)-APELADA(S) | **KLAN202500008** | *APELACIÓN*<br>procedente del Tribunal de Primera Instancia, Sala Superior de **BAYAMÓN**<br><br>Caso Núm.<br>**BY2022CV06522** (502)<br><br><br>Sobre:<br>Cobro de Dinero |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos.

*Barresi Ramos*, juez ponente

### S E N T E N C I A

En San Juan, Puerto Rico, hoy día 25 de agosto de 2025.

Comparecen ante este Tribunal de Apelaciones, los señores **EDDA GLORIA SUSTACHE PEÑA**, **JUAN MANUEL MARTÍNEZ SUSTACHE** y **CHRISTIAN MARTÍNEZ SUSTACHE** (señores **SUSTACHE PEÑA Y OTROS**) mediante *Apelación* incoada el 3 de enero de 2025. En su escrito, nos solicitan que revisemos la *Sentencia* emitida el 29 de octubre de 2024, por el Tribunal de Primera Instancia (TPI), Sala Superior de Bayamón.[1] En dicha decisión judicial, se determinó que los señores **SUSTACHE PEÑA Y OTROS** adeudan al **BANCO POPULAR DE PUERTO RICO (BPPR)** las siguientes cantidades: $535,371.83 de principal; intereses al 4.50%, los cuales se acumulan mensualmente desde el 1 de junio de 2016 hasta el saldo total de la deuda; $8,400.94 por concepto de

---

[1] Este dictamen judicial fue notificado y archivado en autos el 30 de octubre de 2024. Apéndice de la *Apelación*, págs. 361- 380.

cargos por mora, los cuales continúan acumulándose hasta el saldo total de la deuda; más la suma de $61,660.50 por concepto de honorarios de abogado.

Exponemos el trasfondo fáctico y procesal que acompañan a la presente controversia.

- I -

La señora SUSTACHE PEÑA y el DR. MANUEL JOSÉ MARTÍNEZ COLÓN (DR. MARTÍNEZ COLÓN) eran dueños del inmueble localizado en 513 Tintillo Hills en Guaynabo, Puerto Rico. Luego del fallecimiento del DR. MARTÍNEZ COLÓN, los dos (2) hijos de ambos, JUAN MANUEL MARTÍNEZ SUSTACHE y CHRISTIAN MARTÍNEZ SUSTACHE advinieron dueños de la propiedad por herencia.[2] Al momento de la defunción del DR. MARTÍNEZ COLÓN, el predio tenía dos (2) gravámenes a favor del BANCO POPULAR DE PUERTO RICO (BPPR) y la protección de hogar seguro.[3]

El 20 de octubre de 2022, el BPPR entabló una *Demanda* sobre cobro de dinero y ejecución de hipoteca contra los señores SUSTACHE PEÑA Y OTROS al cual se le asignó el número de caso: BY2022CV05316. En este caso, el principal reclamado era $1,679,395.00.

Más tarde, el 22 de diciembre de 2022, el BPPR instó otro pleito bajo el número de caso BY2022CV06522 sobre cobro de la primera hipoteca por $616,605.00.[4]

Luego de varios incidentes procesales, el 7 de febrero de 2023, el foro primario dictó *Orden de Referido al Centro de Mediación de Conflictos en Casos de Ejecución de Hipotecas*.[5] El 7 de marzo de 2023, los señores SUSTACHE PEÑA y CHRISTIAN MARTÍNEZ SUSTACHE presentaron su *Contestación a Demanda* conteniendo sus defensas afirmativas.[6] El 25 de abril de 2023, el señor JUAN MANUEL MARTÍNEZ SUSTACHE, sin someterse a la jurisdicción,

---

[2] El DR. MANUEL JOSÉ MARTÍNEZ COLÓN pereció el 28 de diciembre de 2022.
[3] Apéndice de la *Apelación*, págs. 93- 94.
[4] *Íd.*, págs. 1- 53.
[5] Apéndice de la *Apelación*, págs. 55- 58.
[6] *Íd.*, págs. 60- 63.

presentó una *Moción de Desestimación al Amparo de la Regla 10.2 por Falta de Jurisdicción Debido a Falta de Diligencia e Insuficiencia de Emplazamiento*.[7]

Poco después, el 29 de abril de 2023, se expidió *Orden* en la cual se concedió quince (15) días al **BPPR** para replicar a la petitoria de desestimación.[8] El 1 de mayo de 2023, se decretó *Sentencia* paralizando los procedimientos y ordenando el archivo administrativo toda vez que el caso había sido referido al *Centro de Mediación de Conflictos*.[9] Así las cosas, el 8 de mayo de 2023, se pronunció *Resolución* declarando no ha lugar a la petición de desestimación presentada por el señor JUAN MANUEL MARTÍNEZ SUSTACHE y reiterando que los procedimientos continuaban paralizados.[10]

El 4 de diciembre de 2023, el *Centro de Mediación de Conflictos* (*Centro*) dio por terminada su intervención ante los trámites legales, o procesos jurídicos que escapan la autoridad del personal del *Centro*.[11] El 6 de diciembre de 2023, se dictaminó *Orden* concediendo un plazo de veinte (20) días al señor JUAN MANUEL MARTÍNEZ SUSTACHE para a contestar la *Demanda*.[12] Ante esta situación, el 12 de diciembre de 2023, el señor JUAN MANUEL MARTÍNEZ SUSTACHE presentó su *Contestación a Demanda* incluyendo defensas afirmativas.[13]

Seguidamente, el 14 de diciembre de 2023, se expidió *Orden* concediendo término de quince (15) días a **BPPR** para mostrar causa por la cual no se debía archivar el caso BY2022CV06522 toda vez que se está litigando la misma causa de acción bajo el número de caso BY2022CV05316.[14] Al día siguiente, el **BPPR** presentó *Moción para Mostrar Causa y en Solicitud de Remedios* aduciendo que son reclamaciones separadas por ser distintas hipotecas.[15] El 29 de diciembre de 2023, el foro primario promulgó una *Orden*

---

[7] Apéndice de la *Apelación*, págs. 64- 66.
[8] *Íd*., pág. 67.
[9] *Íd*., págs. 68- 69.
[10] *Íd*., págs. 70- 71.
[11] *Íd*., págs. 73- 74.
[12] Apéndice de la *Apelación,* pág. 75.
[13] *Íd*., págs. 76- 78.
[14] *Íd*., pág. 86.
[15] *Íd*., págs. 87- 127.

dando por cumplida la orden y mantuvo la paralización del pleito por sesenta (60) días para evaluar el ruego de mitigación de pérdida.[16]

Subsiguientemente, el 26 de julio de 2024, el **BPPR** presentó una *Moción Solicitando Continuación de los Procedimientos y en Solicitud de Sentencia*.[17] Acotó que se declarara ha lugar su súplica de sentencia sumaria. El 29 de julio de 2024, los señores SUSTACHE PEÑA Y OTROS pidieron prórroga para oponerse al petitorio de sentencia sumaria.[18] El 30 de julio de 2024, mediante *Orden* se concedió término adicional perentorio de treinta (30) días para replicar a la moción de sentencia sumaria ello mediante dos (2) órdenes separadas.[19]

A los pocos días, el 7 de agosto de 2024, los señores SUSTACHE PEÑA Y OTROS presentaron *Moción de Reconsideración, Solicitud de Paralización y Descubrimiento de Prueba* en la cual imploraron una prórroga.[20] El 28 de agosto de 2024, el **BPPR** presentó *Oposición a Moción de Reconsideración* en la cual objetó la reconsideración.[21] Más tarde, el 3 de septiembre de 2024, se prescribió *Resolución* declarando no ha lugar el reclamo de reconsideración; se dejó sin efecto la *Sentencia* sobre paralización dictada el 1 de mayo de 2023; y confirió un término adicional final de veinte (20) días.[22]

Entonces, el 27 de septiembre de 2024, se formuló una *Orden* para que el **BPPR** sometiera documentos "acreditativos" de la reclamación.[23] El 29 de octubre de 2024, se concretó la *Sentencia* apelada.[24] En desacuerdo, el 12 de noviembre de 2024, los señores SUSTACHE PEÑA Y OTROS presentaron *Moción de Reconsideración*.[25] En consecuencia, el 22 de noviembre de 2024, el **BPPR** presentó *Moción en Cumplimiento de Orden* interpelando la confirmación de

---

[16] Apéndice de la *Apelación*, pág. 128.
[17] *Íd.*, págs. 130- 233.
[18] *Íd.*, págs. 235- 236.
[19] *Íd.*, págs. 237- 238.
[20] *Íd.*, págs. 240- 244.
[21] Apéndice de la *Apelación*, págs. 248- 262.
[22] *Íd.*, págs. 263- 265.
[23] *Íd.*, págs. 271- 273.
[24] *Íd.*, págs. 361-380.
[25] *Íd.*, págs. 382- 385.

la *Sentencia.* El día 5 de diciembre de 2024, se decidió *Resolución Interlocutoria* declarando no ha lugar a la moción de reconsideración.[26]

Inconforme, el 3 de enero de 2025, los señores **SUSTACHE PEÑA Y OTROS** acudieron ante este foro revisor intermedio mediante *Apelación* señalando el(los) siguiente(s) error(es):

> El Tribunal de Primera Instancia abusó de su discreción al dictar sentencia sin permitir el descubrimiento de prueba que se solicitó 7 días después que terminó la paralización del caso.

El 21 de enero de 2025, pronunciamos *Resolución,* en la cual, entre otras, concedimos un término de treinta (30) días a **BPPR** para presentar su alegato. Más adelante, el 26 de junio de 2025, el **BPPR** presentó *Moción en Solicitud de Desestimación de Apelación* sustentado en que el recurso se tornó académico. El 30 de junio de 2025, decidimos *Resolución* otorgando tiempo a los señores **SUSTACHE PEÑA Y OTROS** para exponer su posición sobre la solicitación de desestimación. El 22 de julio de 2025, el **BPPR** presentó *Moción Informativa y Reafirmando Solicitud de Desestimación* acompañada de copia de *Sentencia* fallada el 27 de junio de 2025 en el caso: BY2022CV02529. Finalmente, el 18 de agosto de 2025, los señores **SUSTACHE PEÑA Y OTROS** presentaron *Moción de Desistimiento Voluntario* aduciendo que acordaron desistir de la presente apelación con miras a continuar sus conversaciones de buena fe para tratar de resolver extrajudicialmente la controversia que dio génesis a la apelación de epígrafe.

Evaluado concienzudamente el expediente del caso y contando con el beneficio de la comparecencia de ambas partes, nos encontramos en posición de adjudicar.

- II -

La Regla 83 (A) del Reglamento del Tribunal de Apelaciones faculta a la parte promovente de un recurso presentar en cualquier momento un aviso

---

[26] Apéndice de la *Apelación,* págs. 393- 394.

de desistimiento.[27] En conformidad con la precitada Regla, ***damos por desistida***, la *Apelación* interpuesta el 3 de enero de 2025 por EDDA GLORIA SUSTACHE PEÑA, JUAN MANUEL MARTÍNEZ SUSTACHE y CHRISTIAN MARTÍNEZ SUSTACHE; y ordenamos el cierre y archivo del presente caso.

**Notifíquese inmediatamente**.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[27] Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendada, *In Re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 115- 116, 215 DPR ____ (2025). Dicho inciso lee: *"Regla 83 — Desistimiento y desestimación* (A) La parte promovente de un recurso podrá presentar en cualquier momento un aviso de desistimiento".